# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JOHN RANDALL QUINTERO,

    Petitioner,

vs.

JACK PALMER, et al.,

    Respondents.

Case No. 3:12-cv-00146-RCJ-WGC

**ORDER**

    Before the court are the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (#6), respondents' motion to dismiss (#10), petitioner's opposition (#24), and respondents' reply (#27). The court finds that petitioner has failed to exhaust his available state-court remedies for all but two of his claims for relief. The court also finds that the two exhausted claims are not addressable in federal habeas corpus because they pre-date the entry of petitioner's guilty plea. Consequently, the court grants the motion to dismiss (#10) and dismisses the action.

    Pursuant to a plea agreement, petitioner was convicted in state district court of one count of lewdness with a child under the age of fourteen years. Ex. 10 (#11). Petitioner appealed, and the Nevada Supreme Court affirmed. Ex. 18 (#11). Petitioner then filed a post-conviction habeas corpus petition and a supplement in the state district court. Ex. 57, Ex. 70 (#19). The state district court denied the petition. Ex. 24, Ex. 36 (#12). Petitioner appealed, and the Nevada Supreme Court affirmed. Ex. 44 (#13). The Nevada Supreme Court then denied petitioner's petitions for rehearing and en banc reconsideration. Ex. 53 (#13), Ex. 55 (#13). Petitioner then commenced this action.

Respondents first argue that petitioner has not exhausted almost all of his grounds for relief. Before a federal court may consider a petition for a writ of habeas corpus, the petitioner must exhaust the remedies available in state court. 28 U.S.C. § 2254(b). To exhaust a ground for relief, a petitioner must fairly present that ground to the state's highest court, describing the operative facts and legal theory, and give that court the opportunity to address and resolve the ground. See Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam); Anderson v. Harless, 459 U.S. 4, 6 (1982).

"[A] petitioner for habeas corpus relief under 28 U.S.C. § 2254 exhausts available state remedies only if he characterized the claims he raised in state proceedings specifically as federal claims. In short, the petitioner must have either referenced specific provisions of the federal constitution or statutes or cited to federal case law." Lyons v. Crawford, 232 F.3d 666, 670 (9th Cir. 2000) (emphasis in original), amended, 247 F.3d 904 (9th Cir. 2001). Citation to state case law that applies federal constitutional principles will also suffice. Peterson v. Lampert, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc). "The mere similarity between a claim of state and federal error is insufficient to establish exhaustion. Moreover, general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999) (citations omitted).

The court agrees with respondents. Petitioner presents five grounds for relief in the petition (#6), and each ground contains multiple claims. Ground 1 contains claims of ineffective assistance of counsel. Chris Fortier represented petitioner at what would have been the preliminary hearing.[1] Joseph Merkin represented petitioner at all other proceedings through the entry of the judgment of conviction. Cheryl Bond represented petitioner on direct appeal. Of all the claims in ground 1, petitioner presented only two to the Nevada Supreme Court. In ground 1(I)(3), petitioner alleges that Fortier met petitioner ten minutes before the hearing solely to convey the prosecution's plea

---

[1] The preliminary hearing did not occur. Petitioner had been charged with three counts of sexual assault upon a child and four counts of lewdness with a child under the age of fourteen years. Before the hearing started, the prosecution offered petitioner a plea bargain for him to waive the preliminary hearing and to plead guilty to one count of lewdness with a child under the age of fourteen years. The offer would expire if the prosecution called its first witness for the preliminary hearing. Petitioner accepted the offer.

-2-

offer. In ground 1(II)(2), petitioner alleges that Merkin assigned Fortier to represent petitioner at the preliminary hearing, instead of requesting a continuance so that Merkin could meet with petitioner and investigate the case. As for the other claims in ground 1 about Fortier and Merkin, petitioner raised similar claims in his state habeas corpus petition and supplemental petition. However, he did not present those claims to the Nevada Supreme Court on appeal from the denial of the petition, and such presentation is necessary to satisfy the requirements of 28 U.S.C. § 2254(b). See Duncan, 513 U.S. at 365. Petitioner admits that he never has pursed any claims of ineffective assistance related to Bond's representation of petitioner on direct appeal. Other than grounds 1(I)(3) and 1(II)(2), ground 1 is unexhausted.

Ground 2 contains multiple claims that petitioner's guilty plea was involuntary. Petitioner presented only two of the claims to the Nevada Supreme Court. Ground 2(9) is a claim that none of petitioner's three attorneys informed petitioner about the specific conditions that he would need to satisfy to be paroled. Ground 2(10) is a claim that counsel failed to affirm petitioner's statutory right to withdraw the plea. Petitioner presented related arguments to the Nevada Supreme Court in his state habeas corpus appeal. Ex. 40, at 37 (#12). However, this was the first time that petitioner had raised these claims, because he did not allege them in his state habeas corpus petition. The Nevada Supreme Court held:

> Appellant appears to also argue in conjunction with [a claim that counsel provided ineffective assistance in advising him to plead guilty] that counsel was ineffective for failing to advise appellant regarding his likelihood of parole and for failing to address appellant's post-plea contentions that he perjured himself during the plea colloquy. These arguments were not raised in appellant's petition and were not properly before the district court below. See Barnhart v. State, 122 Nev. 301, 303-04, 130 P.3d 650, 651-52 (2006). We therefore decline to consider those arguments on appeal. Davis v. State, 107 Nev. 600, 606, 817 P.2d 1169, 1173 (1991), overruled on other grounds by Means v. State, 120 Nev. [1001,] 1012-13, 103 P.3d [25,] 33 (2004).

Ex. 44, at 3 n.2 (#13). "Submitting a new claim to the state's highest court in a procedural context in which its merits will not be considered absent special circumstances does not constitute fair presentation." Roettgen v. Copeland, 33 F.3d 36, 38 (9th Cir. 1994) (citing Castille v. Peoples, 489 U.S. 346, 351 (1989)). Because petitioner did not raise the claims in grounds 2(9) and 2(10) in the state district court, and because the Nevada Supreme Court declined to consider the claims on

appeal, petitioner has not exhausted grounds 2(9) and 2(10). The rest of ground 2 is not exhausted because petitioner did not present any of those claims to the Nevada Supreme Court.

Grounds 3, 4, and 5 are almost entirely claims of constitutional error by the trial court or the prosecution; in ground 5 is a claim that petitioner's three attorneys dismissed his allegation that he was a target of his family, and that could be a claim of ineffective assistance of counsel. The court agrees with respondents that petitioner did not present any of these claims to the Nevada Supreme Court either on direct appeal or on habeas corpus appeal. Grounds 3, 4, and 5 are unexhausted.

Respondents argue that grounds 1(I)(3) and 1(II)(2) are not addressable in federal habeas corpus, because the events alleged in those grounds pre-date petitioner's plea.[2]

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in McMann [v. Richardson, 397 U.S. 759 (1970)].

Tollett v. Henderson, 411 U.S. 258, 267 (1973). To repeat, in ground 1(I)(3), petitioner alleges that Fortier met petitioner ten minutes before the hearing solely to convey the prosecution's plea offer. In ground 1(II)(2), petitioner alleges that Merkin assigned Fortier to represent petitioner at the preliminary hearing, instead of requesting a continuance so that Merkin could meet with petitioner and investigate the case. The ineffective-assistance claims in grounds 1(I)(3) and 1(II)(2) are claims of pre-plea constitutional violations. Petitioner cannot seek relief on those grounds. Moran v. Godinez, 57 F.3d 690, 700 (9th Cir. 1994).

As part of their argument for petitioner's failure to exhaust his available state-court remedies, respondents argue that petitioner raises in this court legal theories that he did not present to the state courts, such as violations of the Fourth Amendment and the guarantee of a republican form of government. The court will not address these arguments because, regardless of legal theory,

---

[2] Respondents argue that claims other than grounds 1(I)(3) and 1(II)(2) are not addressable in federal habeas corpus, but the court already has determined that all the other grounds are unexhausted.

-4-

1  almost all of the claims are unexhausted and because the two claims that are exhausted are not
2  addressable in federal habeas corpus.
3  Respondents also argue that some grounds are procedurally defaulted, that petitioner's
4  claims pursuant to the Fourth Amendment are barred by Stone v. Powell, 428 U.S. 465 (1975), that
5  part of ground 4 is not ripe, and that part of ground 5 alleges an error in the state post-conviction
6  proceedings.  The court will not address these arguments because it is granting the motion to
7  dismiss (#10) for the reasons stated above.
8  Although the petition (#6) is not entirely exhausted, the two claims that are exhausted are
9  also not addressable in federal habeas corpus, and thus only unexhausted claims remain in the
10 petition (#6).  Petitioner makes some argument for a stay in his opposition, but with only
11 unexhausted grounds remaining, there is nothing left to stay.  The court is obligated to dismiss the
12 action in its entirety.  See Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006).
13 To appeal the denial of a petition for a writ of habeas corpus, Petitioner must obtain a
14 certificate of appealability, after making a "substantial showing of the denial of a constitutional
15 right."  28 U.S.C. §2253(c).

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy §2253(c) is straightforward:  The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.  The issue becomes somewhat more complicated where, as here, the district court dismisses the petition based on procedural grounds.  We hold as follows: When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also James v. Giles, 221 F.3d 1074, 1077-79 (9th Cir. 2000).  Reasonable jurists would not find debatable or wrong the court's conclusion that all but two claims in the petition (#6) are unexhausted.  Reasonable jurists also would not find debatable or wrong the court's conclusion that the two exhausted claims in the petition are not addressable in federal habeas corpus because they pre-date petitioner's plea of guilty.  Finally, reasonable jurists would not find debatable or wrong the court's dismissal of this action because all remaining claims are not exhausted.

1  Petitioner has submitted a motion to order State of Nevada to provide list of documents in
2  the sealed exhibit (#23).  Petitioner then submitted a motion to withdraw the previous motion (#26).
3  The documents in the sealed exhibits (#15) are a pre-sentence investigation report and an attached
4  psycho-sexual evaluation.  State law declares that such reports are confidential, with some
5  exceptions.  Nev. Rev. Stat. § 176.156.  The court will grant petitioner's motion to withdraw (#26).
6  Petitioner has submitted motions to order the State of Nevada to submit exhibits of the state
7  evidentiary hearing into the record (#29, #32).  These motions are moot because the court is
8  dismissing the action for other reasons.
9  Petitioner has submitted a motion for leave to file a reply to respondents' reply (#30).
10 Petitioner then submitted that reply (#37), and respondents have submitted a motion to strike (#38).
11 Petitioner bases his request upon Rule 5 of the Rules Governing Section 2254 Cases in the United
12 States District Courts.  However, the motion to dismiss (#10) is not an answer within the meaning
13 of Rule 5.  Local Rule 7-2 establishes what documents may be filed in response to a motion, and a
14 reply to a reply is not a permissible document.  The court denies petitioner's motion (#30) and
15 grants respondents' motion to strike (#38).
16 IT IS THEREFORE ORDERED that petitioner's motion to withdraw (#26) is **GRANTED**.
17 The court shall take no further action upon petitioner's motion to order State of Nevada to provide
18 list of documents in the sealed exhibit (#23).
19 IT IS FURTHER ORDERED that petitioner's motions to order the State of Nevada to
20 submit exhibits of the state evidentiary hearing into the record (#29, #32) are **DENIED** as moot.
21 IT IS FURTHER ORDERED that petitioner's motion for leave to file a response to
22 respondents' reply (#30) is **DENIED**.
23 IT IS FURTHER ORDERED that respondents' motion to strike (#38) is **GRANTED**.  The
24 clerk of the court shall **STRIKE** petitioner's response to state reply (#37).
25 IT IS FURTHER ORDERED that respondents' motion to dismiss (#10) is **GRANTED**.
26 This action is **DISMISSED** without prejudice for petitioner's failure to exhaust his available state-
27 court remedies.  The clerk of the court shall enter judgment accordingly.
28 ///

IT IS FURTHER ORDERED that a certificate of appealability is **DENIED**.

Dated: This 30th day of August, 2013.

_____
ROBERT C. JONES
Chief United States District Judge