# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JOHN RANDALL QUINTERO,

    Petitioner,

vs.

JACK PALMER, et al.,

    Respondents.

Case No. 3:12-cv-00146-RCJ-WGC

**ORDER**

    The court dismissed this action because two claims in the petition for a writ of habeas corpus were claims of constitutional violations that occurred before entry of petitioner's plea of guilty, see Tollett v. Henderson, 411 U.S. 258, 267 (1973), and because petitioner had not exhausted the available state-court remedies for the remaining grounds. Order (#40). Petitioner has since filed five motions.

    The main motion is petitioner's motion for reconsideration (#43), with an ancillary declaration (#49) and motion to alter and amend judgment (#53). The motion to alter and amend also doubles as a reply (#52) to respondents' opposition (#47). Petitioner presents three arguments. None of them persuade the court.

    First, petitioner argues that Missouri v. Frye, 132 S. Ct. 1399 (2012), and Lafler v. Cooper, 132 S. Ct. 1376 (2012), have abrogated the rule in Henderson. However, both cases are inapplicable. In Frye, the Court held that defense counsel provided ineffective assistance because counsel did not transmit an offer of a plea bargain to the defendant. In Lafler, the Court held that defense counsel provided ineffective assistance because counsel advised the defendant not to accept

a plea bargain due to the counsel's misunderstanding of the law.  Neither case had a plea of guilty at the time of the Court's decision, and thus the rule of <u>Henderson</u> was not relevant in either case.  Furthermore, and in contrast to both <u>Frye</u> and <u>Lafler</u>, petitioner does not claim that counsel failed to transmit a plea offer to him or that counsel advised him not to accept a plea offer.  <u>Frye</u> and <u>Lafler</u> do not change this court's conclusions.

Second, petitioner argues that <u>Henderson</u> does not apply because his plea colloquy was defective, and thus his plea was not knowing and voluntary.  That argument is a ground for relief by itself, and it is one that petitioner has not raised in the petition (#6).  Petitioner cannot raise a new ground for relief in the motion for reconsideration (#43).  See <u>Cacoperdo v. Demosthenes</u>, 37 F.3d 504, 507 (9th Cir. 1994).  Even if petitioner could raise a new ground for relief in the motion for reconsideration, he has not presented the ground to the Nevada Supreme Court, and it also is unexhausted.

Third, petitioner argues that he actually has presented all of ground 1(I) and ground 1(II)(1) to the Nevada Supreme Court in his opening brief in his state habeas corpus appeal.  This is a wholly new argument.  In his opposition to the motion to dismiss (#24), he argued that the Nevada Supreme Court was on notice of his claims because he raised them in his supplemental state petition.[1]  However, petitioner did not fairly present a claim to the Nevada Supreme Court if that court needed to read beyond opening brief to be aware of the claim.  Respondents argue correctly that petitioner improperly is presenting this argument to the court for the first time in the motion for reconsideration.  See <u>Carroll v. Nakatani</u>, 342 F.3d 934, 945 (9th Cir. 2003); <u>Hopkins v. Andaya</u>, 958 F.2d 881, 889 (9th Cir. 1992); <u>Schanen v. United States Dept. of Justice</u>, 762 F.2d 805, 807-08 (9th Cir. 1985).

Even if petitioner is correct, it is not enough for the court to grant relief.  Ground 1(I) in its entirety and ground 1(II)(1) suffer from the same problem as the grounds 1(I)(3) and 1(II)(2):  They

---

[1] This argument is unpersuasive because to exhaust a claim, petitioner needed to present the claim to the Nevada Supreme Court within the appellate brief itself.  See <u>Baldwin v. Reese</u>, 541 U.S. 27, 31-32 (2004); <u>Castillo v. McFadden</u>, 399 F.3d 993, 1000 (9th Cir. 2005).

are claims of ineffective assistance of counsel that occurred before petitioner entered his guilty plea, and thus he cannot raise them in a federal habeas corpus petition.

Petitioner has submitted a motion for clarification (#42), and the he has submitted a motion to withdraw the motion for clarification (#48). The court grants the motion to withdraw, and the court will take no action on the motion for clarification.

Finally, petitioner has submitted a motion to take judicial notice (#59), and respondents have submitted an opposition (#60). The court agrees with respondents. Petitioner cites to a study on indigent defense and a speech by the Attorney General of the United States. Neither is relevant to the issues whether petitioner has exhausted all his grounds for relief and whether petitioner's plea of guilty bars consideration of those grounds that he has exhausted. The court denies the motion to take judicial notice (#59).

IT IS THEREFORE ORDERED that petitioner's motion for reconsideration (#43) and motion to alter and amend judgment (#53) are **DENIED**.

IT IS FURTHER ORDERED that petitioner's motion to withdraw (#48) is **GRANTED**. The court shall take no action upon petitioner's motion for clarification (#42).

IT IS FURTHER ORDERED that petitioner's motion to take judicial notice (#59) is **DENIED**.

Dated: August 26, 2014.

_____
ROBERT C. JONES
United States District Judge